ALTENBERND, Judge,
Concurring.
I fully concur in this opinion. I am inclined to believe that claims of negligent misrepresentation in this context should be rare. I write briefly to explain the unusual circumstances that appear to have led to this claim.
Ms. Gallon’s policy of insurance with GEICO, which was issued in 2008, covers two automobiles. On one automobile — a 1999 Chrysler that apparently is the family car — Ms. Gallon purchased standard personal injury protection coverage. She-also purchased $50,000/$100,000 in bodily injury liability coverage and an equal amount of UM coverage on that automobile. That automobile also has $50,000 in coverage for property damage liability, collision coverage, and comprehensive coverage.
On the second automobile — a 1990 Toyota that apparently is a teenager’s car — she has only the minimum requirements under the Florida Motor Vehicle No-Fault Law. See § 627.730-.7405, Fla. Stat. (2008). Thus, this automobile is not insured for liability coverage or UM. There is no indication in our limited record that GEI-CO obtained a written rejection of UM coverage for this automobile. Because the policy was issued with no liability coverage for this automobile, GEICO may not have required its agent to obtain a rejection form.
When GEICO created the written policy for these two automobiles, the standard language for stacked UM coverage was' used on the declaration page — even though no premium was charged for UM on the Toyota. The standard contractual forms accompanying the declaration page appear to be the forms that normally would be used when the policy covered two automobiles, both of which had UM coverage.
*256 It may be that GEICO has some standard underwriting procedure by which it “stacks” the $50,000/$100,000 UM on the first automobile with $0 on the second, so that each car has $50,000/$100,000 in UM for the premium charged on only the one automobile. If so, that is simply a very odd form of stacked coverage.[1]
The claim in this case is that Ms. Gallon was told by a GEICO agent that her stacked policy would have twice the limits of UM. In the context of this particular policy, it is entirely possible that an agent would have interpreted the stacked coverage to provide twice the amount of UM coverage because that is the situation under the usual policy where both cars have the same limit of UM coverage for both vehicles.
Ms. Gallon, of course, was contacting GEICO because she thought her premium was too high. The alleged misinformation from the agent caused her to leave her policy as it was. Apparently, if she had received correct information, in order to actually receive typical stacked coverage, she would have been required to pay an even higher premium. Thus, on remand, she may have a difficult time establishing all of the elements that she has alleged in her complaint. See Fla. Std. Jury Instr. (Civ.) 409.8. But at this stage in the proceedings the case was not resolvable on a motion to dismiss.

. Whether such a combination coverage is authorized with or without a rejection form in Florida is not an issue in this case.